IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE MONTAÑEZ-MARTINEZ [2],<br><br>Defendant. | CRIMINAL NO. 11-51 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Enrique Montañez-Martínez was charged in Count One of an Indictment and he agreed to plead guilty to Count One of the Indictment. Count One charges that, from on or about January 30, 2007, to on or about February 29, 2008, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this Court, the defendant herein, together and with others, did knowingly, intentionally and unlawfully conspire, combine, confederate and agree together and with each other and with diverse other persons, known and unknown to the grand jury, to commit an offense against the United States, that is, to possess with the intent to distribute, and distribute narcotic controlled substances, to wit: five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), both Schedule II Narcotic Drug Controlled Substances, and a detectable amount of marijuana, a Schedule I Narcotic Controlled Substance, inside or within one thousand (1,000) feet of real property comprising a housing facility owned by a public housing authority, that is, the Manuel A. Pérez Public Housing Project, and various other locations in San Juan, Puerto Rico, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and (D), 846 and 860.

On December 5, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right

United States of America v. Enrique Montañez-Martínez
Criminal No. 11-51 (DRD)
Report and Recommendation
Page 2

to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.[2]

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel Francisco Acevedo-Padilla, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant indicated he took one capsule of Percocet four (4) hours prior to the change of plea hearing for pain in his right arm. Defendant stated the intake of said medication did not affect him in understanding the proceedings.

waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel Acevedo-Padilla, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense as charged in Count

United States of America v. Enrique Montañez-Martínez
Criminal No. 11-51 (DRD)
Report and Recommendation
Page 4

One is term of imprisonment of not less than ten (10) years or more than life, a fine not to exceed ten million dollars ($10,000,000.00), or both, and a term of supervised release of at least five (5) years, in addition to any term of incarceration.

The parties, however, stipulate defendant was responsible for distributing at least 3.5 but less than 5 kilograms of cocaine. The statutory penalty for the stipulated amount of narcotics, pursuant to Title 21, United States Code, Section 841, is a term of not less than 5 years and not more than 40 years, a fine not to exceed five million dollars ($5,000,000.00), or both, and a term of supervised release of at least four (4) years in addition to any term of incarceration.

The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)(A) and (B) FRCP ("the Agreement") and the "Plea Agreement Supplement"[3] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him

---

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Defendant accepts responsibility for at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine. As such, pursuant to U.S.S.G. § 2D1.1, the Base Offense Level is of Thirty (30). Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Seven (27).

There is no stipulation as to defendant's Criminal History Category.

Paragraph Eight (8) of the Agreement contains the sentence recommendation as follows: a total base offense level of 27 and a Criminal History Category I results in a guideline sentencing range of 70-87 months. The parties, however, anticipate defendant's Criminal History will be at least a Category II, which has a corresponding sentencing range of 78-97 months. Regardless of the Criminal History computation, the parties recommend a sentence of ninety-six (96) months imprisonment. Any sentence of imprisonment imposed herein may, at the discretion of the sentencing Court, be concurrent with the sentence imposed in Criminal Number 10-225 (DRD).

The parties understand defendant, due to his criminal history, is ineligible for the "safety valve" provisions of U.S.S.G. § 5C1.2.

United States of America v. Enrique Montañez-Martínez
Criminal No. 11-51 (DRD)
Report and Recommendation
Page 6

The United States agrees to dismiss the Narcotics Forfeiture Allegation upon sentencing.

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level, or variance from the recommended sentence of imprisonment, shall be sought by the parties.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental

defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph sixteen (16) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 11-51 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 11-51 (DRD).

United States of America v. Enrique Montañez-Martínez
Criminal No. 11-51 (DRD)
Report and Recommendation
Page 8

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 6th day of December of 2011.

                                        s/ CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE